# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MELISSA LEE JONES,

       Defendant-Appellant.

FOR PUBLICATION
September 29, 2016

No. 332018
St. Joseph Circuit Court
LC No. 15-019724-FC

Before: MURRAY, P.J., and HOEKSTRA and BECKERING, JJ.

MURRAY, P.J. (*concurring*).

I concur in the majority opinion's statutory analysis, which in the end properly concludes that the Legislature did not include a fetus in the definition of "child" for purposes of the first-degree child abuse statute. MCL 750.136b(2). I write separately to briefly address several arguments put forth by defendant. First, although in her brief defendant discusses *Roe v Wade*, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973), and several federal and state decisions issued subsequent to *Roe*, as the majority opinion makes clear this case is not about the Fourteenth Amendment to the United States Constitution. Instead, it is *only* about how to interpret a word used in a Michigan statute, and how to apply the definition provided by the Legislature. As a result, whether *Roe* and its progeny were correctly decided (a matter which we have no control over anyway) is not an issue before this Court,[1] and consequently there is no reason to opine on that issue. Second, we do not opine on whether a fetus *should be* included in the statutory definition of "child," as that decision is solely within the province of the legislative branch. *People v Williams*, 288 Mich App 67, 74-75; 792 NW2d 384 (2010). Instead, this case, like most cases we deal with on a daily basis, requires us to apply statutory words and phrases and to determine their meaning as intended by the Legislature. Since the majority opinion has adequately done so, I fully concur in that opinion.

/s/ Christopher M. Murray

---

[1] But see *Planned Parenthood v Casey*, 505 US 833, 944; 112 S Ct 2791; 120 L Ed 2d 674 (1992) (REHNQUIST, C.J., dissenting)

-1-